1   Sallie A. Blackman Juris No. 306869
    110 West C Street Suite 1300
2   San Diego, California  92101
    Telephone:  (619) 334-6060
3   Facsimile:   (619) 334-7070

4   Attorney for Plaintiff

FILED

'[ PM 23   AM 11 36

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **NEW HAVEN CONNECTICUT**

10  Ann M. Slade                      )  Civ. No. 3:15-cv-421 VAB
                                      )
11                                    )
                                      )  **COMPLAINT FOR DAMAGES FOR:**
12  Plaintiff,                        )
                                      )  **1. VIOLATIONS OF THE FEDERAL**
13  vs.                               )     **FAIR CREDIT REPORTING ACT;**
                                      )  **2. BREACH OF CONTRACT;**
14                                    )  **3. NEGLIGENCE PER SE;**
15  Southern Connecticut Gas Company, )  **4. DEFAMATION**
    Experian Information Solutions, Inc., )
16  Equifax Credit Information Services, Inc., )
    TransUnion Corporation,           )  **DEMAND FOR JURY TRIAL**
17  and Does 1 through 10             )
                                      )
18                                    )
19  Defendants.                       )
                                      )
20  _____ )
                                      )
21

22        Plaintiff Ann M. Slade (hereinafter "Plaintiff") comes now and alleges:

23                           I. **INTRODUCTION**

24        1.      This is an action for monetary damages brought by an individual consumer

25  for defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §§1681 et seq

26  (hereinafter "FCRA"), which regulates the assembly, evaluation and communication of

27  information relating to consumers for establishing eligibility for credit, insurance,

28  employment and other purposes; Breach of Contract, Negligence Per Se, and Defamation.

                                      -1-

Plaintiff's claims arise in part from defendant Experian Information Solutions, Inc., Equifax Credit Information Services, Inc. and TransUnion Corporation (collectively referred to herein as "Defendant credit agencies") reporting inaccurate negative information concerning Plaintiff in consumer reports related to Plaintiff through means and facilities of interstate commerce and the mails, which caused Plaintiff damages. Plaintiff's claims arise in part from defendant Southern Connecticut Gas Company reporting negative inaccurate credit information concerning Plaintiff to third parties. Plaintiff's claims arise in part from Defendant credit agencies' failure to investigate and correct negative credit items reported to and on consumer credit reports after Plaintiff notified them in writing via certified mail that the items are inaccurate. Plaintiff's claims arise in part from defendant Southern Connecticut Gas Company attempting to collect a debt which had already been paid. Plaintiff demands a jury trial.

## II.  JURISDICTION

2.      Jurisdiction of this court arises under 15 U.S.C. Section 1681, 28 U.S.C. Section 1337, and under the doctrine of pendant jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1965).

## III.  PARTIES

3.      Plaintiff is a natural person residing in the County of New Haven, Connecticut, and a consumer pursuant to 15 U.S.C. §1681a(c) and 15 U.S.C. §1692a(3).

4.      Plaintiff is informed and believes, and on that basis alleges, that at all times relevant to this complaint, defendant Southern Connecticut Gas Company (hereinafter "Defendant Gas Company") was and is a utility business doing business and providing services in New Haven, Connecticut.

5.      Plaintiff is informed and believes, and on that basis alleges, that defendant Experian Information Solutions, Inc. (hereinafter "Experian") is an Ohio corporation registered in Connecticut as a foreign corporation for authority to transact business and is a consumer reporting agency pursuant to 15 U.S.C. §1681a(f).

6.      Plaintiff is informed and believes, and on that basis alleges, that defendant Equifax Credit Information Services, Inc. (hereinafter "Equifax") is a Georgia corporation registered in Connecticut as a foreign corporation for authority to transact business and is a consumer reporting agency pursuant to 15 U.S.C. §1681a(f).

7.      Plaintiff is informed and believes, and on that basis alleges, that defendant TransUnion Corporation (hereinafter "TransUnion") is an Illinois corporation registered in Connecticut as a foreign corporation for authority to transact business and is a consumer reporting agency pursuant to 15 U.S.C. §1681a(f).

8.      Plaintiff is informed and believes, and on that basis alleges, that at all times herein mentioned, DOE defendants were the officers, directors, agents or employees of each of their co-defendants and that, in completing the acts alleged in this complaint, defendants were acting within the course and scope of such capacity, with the permission and consent of their co-defendants, and each of them.

## Statement of Facts

9.      Plaintiff is an individual consumer who opened an account for the supply of gas with the Defendant Gas Company. On April 15, 2013, Defendant Gas Company shut off Plaintiff's gas supply. Plaintiff called Defendant Gas Company to find out why her gas was cut off and she was told that she had a balance of approximately $675 due on her gas bill. Defendant Gas Company told Plaintiff that she had not made any payments on the $675 gas bill. Plaintiff disputed this claim and informed Defendant Gas Company that she had been paying her gas bill, as always. Defendant Gas Company informed Plaintiff that Defendant Gas Company had created two separate gas accounts in Plaintiff's name, a "Service K" account and a regular gas/house account number 6093. Defendant Gas Company informed Plaintiff, on or about April 15, 2013, that Defendant Gas Company

had applied all of the payments that Plaintiff had made to the Service K account, and had

not applied any of her payments to gas/house account number 6093 that Plaintiff thought

she was paying. Defendant Gas Company acknowledged that the funds paid by Plaintiff

had been applied to the wrong account. Defendant Gas Company also told Plaintiff that

the Gas Company would transfer the funds from the Service K account to gas/house

account number 6093, to clear the balance due on gas/house account number 6093. The

gas was turned back on. Plaintiff repeatedly called the Defendant Gas Company to ask if

the transfer had been made and each time Plaintiff was informed that she still had a large

balance on regular gas/house account number 6093 and that the transfer of funds from the

Service K account to regular gas/house account number 6093 had not been made, but that

the transfer would be made. Defendant Gas Company informed Plaintiff that she had a

balance of $675.

      10.    By June of 2013, the transfer still had not been made and Plaintiff's regular

gas/house account number 6093 still showed a balance due of $675, so, very frustrated,

Plaintiff paid the $675, the entire amount on her gas/house account number 6093,

clearing her balance, to avoid any shut off of her gas. Plaintiff paid the bill for gas/house

account number 6093 using her credit card on June 20, 2013. The transaction posted on

her credit card account on June 21, 2013. Defendant Gas Company stated that, because

Plaintiff paid off gas/house account number 6093 to zero, she would get a new account

number in the mail. No new account number for the gas/house account arrived in the

mail. Plaintiff contacted Defendant Gas Company to report that no new account number

had arrived in the mail. Each time she reported that no new account number had arrived, Defendant Gas Company repeated that it would come in the mail. Defendant Gas Company also continued to inform Plaintiff that it would transfer the money that was erroneously applied to the Service K account to the regular gas/house account, and that the transfer would cause a credit to appear on the gas/house account.

11.     Despite her payment of the regular gas/house account to zero, on or about July 2013, Plaintiff received a bill for a past due balance which stated that Plaintiff had not paid the $675 balance due on the regular gas/house account. Upon receipt of this notice, Plaintiff contacted Defendant Gas Company and informed it that she had made the payment, advised it that the payment was made by credit card and gave it the date when the payment had posted on her credit card account. Defendant Gas Company stated that Plaintiff did not owe any money on the gas/house account and claimed, again, that it would transfer the funds over from the Service K account to the gas/house account.

12.     Defendant Gas Company finally transferred the credit from the Service K account to the gas/house account and, by letter dated July 12, 2013, informed Plaintiff that gas/house account 6093 was paid in full and closed.

13.     On or about September 19, 2013, Defendant Gas Company attempted to collect payment for gas/house account number 05000108016093 from Plaintiff in the amount of $659.72 and had sent that account to collection, despite the fact that Plaintiff the bill via credit card on June 20, 2013.

14.     Plaintiff applied for a car loan in the amount of $6,000 from her credit union

on or about November 25, 2013. On or about December 5, 2013, Plaintiff received a "Notice of Action Taken and Statement of Reasons" from her credit union which stated that her application for a car loan was denied. The "Notice of Action Taken and Statement of Reasons" states that the reason for denial of her car loan application was a negative item reported by Defendant Experian. Plaintiff checked her credit and discovered that Defendant Gas Company had reported to Experian and other credit reporting agencies that she had not paid and still owed her regular gas/account. Plaintiff also discovered that, due to this inaccurate negative report by Defendant Gas Company, her credit score was significantly lower. Plaintiff discovered that, due to this inaccurate negative report by Defendant Gas Company, her car loan was denied.

15.     On or about January 22, 2014, Plaintiff sent a letter to Defendant Gas Company via certain mail, return receipt requested, informing Defendant Gas Company that it had inaccurately reported false information to her credit reports, identifying the false information, and demanding its deletion from their records and her credit reports.

16.     On or about January 22, 2014, Plaintiff sent a letter to Defendant Experian via certain mail, return receipt requested informing Defendant Experian that Defendant Gas Company had inaccurately reported false information to Experian, identifying the false information, and demanding its deletion from her Experian credit report.

17.     On or about January 22, 2014, Plaintiff sent a letter to Defendant TransUnion via certain mail, return receipt requested informing Defendant TransUnion that Defendant Gas Company had inaccurately reported false information to TransUnion,

identifying the false information, and demanding its deletion from her Transunion credit report.

18.   On or about January 22, 2014, Plaintiff sent a letter to Defendant Equifax via certain mail, return receipt requested informing Defendant Equifax that Defendant Gas Company had inaccurately reported false information to Equifax, identifying the false information, and demanding its deletion from her Equifax credit report.

19.   Defendant Gas Company failed to investigate and instruct Defendants Experian, Transunion, and Equifax to delete the false negative items identified in Plaintiff's January 22, 2014 demand letter to Defendant Gas Company from Experian, Transunion, and Equifax credit reports.

20.   Defendant Experian failed to investigate and failed to delete the false negative items identified in Plaintiff's January 22, 2014 demand letter to Experian, and continues to report this false information on Experian credit reports.

21.   Defendant TransUnion failed to investigate and failed to delete from the false negative items identified in Plaintiff's January 22, 2014 demand letter to TransUnion, and continued to report this false information on TransUnion credit reports.

22.   Defendant Equifax failed to investigate and failed to delete the false negative items identified in Plaintiff's January 22, 2014 demand letter to Equifax, and continued to report this false information on  Equifax credit report.

23.   After being notified by Plaintiff, in writing, that the information they were

reporting was false, Defendants continued to disseminate the false information identified in Plaintiff's January 22, 2014 demand letters to Defendants to third parties.

24.     Defendants continued to damage the credit rating and reputation of Plaintiff by disseminating information to third parties after being notified that the information was false.

FIRST CAUSE OF ACTION
VIOLATIONS OF THE FAIR CREDIT
REPORTING ACT

(15 U.S.C. §§ 1681 et seq.)

Against Experian, Equifax and TransUnion

COUNT ONE

25.     Plaintiff re-alleges and incorporates paragraphs 1 through 24 as though fully set forth at length.

26.     Defendant credit agencies did not correct inaccurate information in Plaintiff's credit file which was called to their attention.

27.     Defendant credit agencies did not adopt reasonable procedures to eliminate errors it knew about or should reasonably have been aware of, resulting from procedures followed by its sources of information.

28.     Defendant credit agencies did not correct inaccuracies on Plaintiff's credit reports that came to their attention.

29.     Defendant credit agencies did not train employees to strictly follow FCRA compliance requirements and laws.

30.     Defendant credit agencies did not update the credit reports concerning Plaintiff or call to business' attention any inaccuracies.

31.     Defendant credit agencies used a system which possessed an unreasonable

risk of inaccuracies which caused them to insert negative inaccurate information into Plaintiff's credit files.

32.     Defendant credit agencies used inadequate procedures to protect Plaintiff from inaccurate credit reporting.

33.     Defendant credit agencies' investigators spent an unreasonably short amount of time gathering information before inserting negative inaccurate information into Plaintiff's credit files and disseminating those files to their subscribers.

34.     Defendant credit agencies failed to use reasonable procedures to assure maximum possible accuracy of information which they reported in their credit files concerning Plaintiff and which they disseminated to their subscribers.

35.     Defendant credit agencies reported inadequate information and are liable for errors in Plaintiff's credit files.

36.     Defendant credit agencies have a duty to reinvestigate to correct errors that come to their attention. Defendant credit agencies failed to delete or reinvestigate when Plaintiff disputed the accuracy of items in the credit files maintained on Plaintiff by Defendant credit agencies, in violation of 15 U.S.C. Section 1681i(a);

37.     Defendant credit agencies failed to record the current status of Plaintiff's disputed information in the files maintained on Plaintiff by Defendant credit agencies, in violation of 15 U.S.C. Section 1681i(a);

38.     Defendant credit agencies failed to notify the entity which furnished inaccurate information about Plaintiff that Plaintiff disputed this information, within 5 business days, in violation of 15 U.S.C. Section 1681i(a)(2);

39.     Defendant credit agencies failed to notify Plaintiff of the results of any purported reinvestigation, in violation of 15 U.S.C. Section 1681i(a)(6);

40.     In violation of 15 U.S.C. 1681e(b), Defendant credit agencies failed to enact

reasonable procedures to assure maximum possible accuracy of information about Plaintiff which was placed in their credit files concerning Plaintiff, and disseminated to their subscribers..

41.     Defendant credit agencies failed to correctly handle Plaintiff's consumer complaint that information in their credit files is inaccurate.

42.     Defendant credit agencies are liable for errors in the files they maintain on Plaintiff  because Defendant credit agencies did not properly respond to Plaintiff's dispute.

43.     Defendant credit agencies failed to adopt reasonable procedures to eliminate errors they knew about or should reasonably have been aware of resulting from procedures followed by their sources of information.

44.     As a direct result of Defendant credit agencies' violations of the FCRA, Plaintiff is entitled to actual damages, including, but not limited to, emotional distress, in an amount to be established by proof at trial, and is entitled to punitive damages, pursuant to 15 U.S.C. §1681, in an amount to be established at trial.  Furthermore, plaintiff is entitled to an award of costs and attorney's fees pursuant to 15 U.S.C. §1681.

<u>COUNT TWO</u>

45.     Plaintiff re-alleges and incorporates paragraphs 1 through 44 as though fully set forth at length.

46.     Within two years preceding commencement of this case, Defendant credit agencies willfully failed to follow reasonable procedures to assure maximum possible accuracy of information in consumer reports related to Plaintiff in violation of 15 U.S.C. §1681e(b).

47.     As a direct and proximate result of Defendant credit agencies' violations, plaintiff is entitled to actual damages, including, but not limited to, emotional distress, pursuant to 15 U.S.C. §1681n(a)(1)(A), in an amount to be established by proof at trial, and is entitled to punitive damages, pursuant to 15 U.S.C. §1681n(a)(2), in an amount to

be established at trial.  Furthermore, Plaintiff is entitled to an award of costs, and attorney's fees, pursuant to 15 U.S.C. §1681n(a)(3).

COUNT THREE

48.     Plaintiff re-alleges and incorporates paragraphs 1 through 49 as though fully set forth at length.

49.     Within two years preceding commencement of this case, Defendant credit agencies negligently failed to follow reasonable procedures to assure maximum possible accuracy of information in consumer reports related to Plaintiff in violation of 15 U.S.C. §1681e(b).

50.     As a direct and proximate result of Defendant credit agencies' violations, Plaintiff is entitled to actual damages, including, but not limited to, emotional distress, pursuant to 15 U.S.C. §1681o(a)(1)(A), in an amount to be established by proof at trial. Furthermore, Plaintiff is entitled to an award of costs, and attorney's fees, pursuant to 15 U.S.C. §1681.

SECOND CAUSE OF ACTION
VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

Unreasonable Procedures To Insure Accuracy and Denial of Credit
(15 U.S.C. §1681 et seq.)

Against Experian

COUNT ONE

51.     Plaintiff re-alleges and incorporates paragraphs 1 through 50 as though fully set forth at length.

52.     Plaintiff applied for credit for personal purposes.  The credit union obtained a consumer report on Plaintiff from defendant Experian in order to determine Plaintiff's credit rating and credit obligations.  The consumer report supplied to the credit union defendant Experian contained inaccurate adverse information. On the basis of such inaccurate negative information the credit union denied Plaintiff's application for credit.

53.     On denial of Plaintiff's application, the credit union informed Plaintiff that such denial was based on adverse information contained in the consumer report issued by defendant Experian.

54.     The consumer report furnished to the credit union by defendant Experian contained inaccurate negative credit information that materially affected Plaintiff in an adverse way.

55.     As a direct and proximate result of Experian's violations, Plaintiff is entitled to actual damages, including, but not limited to, emotional distress, pursuant to 15 U.S.C. §1681o(a)(1)(A), in an amount to be established by proof at trial.  Furthermore, Plaintiff is entitled to an award of costs, and attorney's fees, pursuant to 15 U.S.C. §1681o(a)(2).

THIRD CAUSE OF ACTION
VIOLATION OF FAIR CREDIT REPORTING ACT

FAILURE TO CORRECT KNOWN INACCURATE INFORMATION

Against Experian, Equifax, TransUnion

(15 U.S.C. §1681 et seq.)

COUNT ONE

56.     Plaintiff re-alleges and incorporates herein by reference, each and every allegation contained in paragraphs 1 through 55 above, as though fully set forth at length.

57.     After Plaintiff's direct requests to defendants Experian, Transunion, and Equifax's numerous occasions to reinvestigate the accuracy of the information in defendant Experian's, Transunion's and Equifax' files on Plaintiff, defendants Experian made such investigation and found that such information was inaccurate or unverifiable. Despite Plaintiff notifying defendants' inaccurate negative credit items, defendants Experian, Transunion, and Equifax did not delete the information from their files on Plaintiff, and continue to include such information in consumer reports, contrary to the requirements of 15 USCA Section 1681i(c).

58.     As a direct and proximate result of Experian's, Transunion's and Equifax' violations, Plaintiff is entitled to actual damages, including, but not limited to, emotional distress, pursuant to 15 U.S.C. §1681n(a)(1)(A), in an amount to be established by proof at trial, and is entitled to punitive damages, pursuant to 15 U.S.C. §1681n(a)(2), in an amount to be established at trial.  Furthermore, Plaintiff is entitled to an award of costs and attorney's fees pursuant to 15 U.S.C. §1681n(a)(3).

## COUNT TWO

59.     Plaintiff re-alleges and incorporates herein by reference, each and every allegation contained in paragraphs 1 through 58 above, as though fully set forth at length.

60.     Defendants Experian's, Transunion's, Equifax's deliberate refusal to investigate Plaintiff's disputes, the malicious and deliberate refusal to delete adverse items from the credit reports that they maintain on Plaintiff, and the provision of this information to credit users for a fee, violate the FDCPA.  Defendants earn more profit by providing negative information on Plaintiff to its customers and other consumers of credit similarly situated to Plaintiff, because defendants' customers can charge a higher interest rate on money loaned to borrowers with negative items in their files.

61.     As a direct and proximate result of Defendants Experian's, Transunion, and Equifax' violations, Plaintiff is entitled to actual damages, including, but not limited to, emotional distress, pursuant to 15 U.S.C. §1681o(a)(1)(A), in an amount to be established by proof at trial.  Furthermore, Plaintiff is entitled to an award of costs and attorney's fees, pursuant to 15 U.S.C. §1681o(a)(2).

## FOURTH CAUSE OF ACTION
## BREACH OF CONTRACT

### Against Defendant Gas Company

### COUNT ONE

62.     Plaintiff re-alleges and incorporates paragraphs 1 through 61 as though fully

-13-

set forth at length.

63.    Plaintiff paid her gas bill in full in July 2014, and notified Defendant Gas Company that she had paid her gas bill in full. In September, 2014, after Plaintiff paid her gas bill in full and repeatedly notified Defendant Gas Company that she had Plaintiff paid her gas bill in full, Defendant Gas Company sent Plaintiff's gas bill to collections and attempted to collect the alleged debt which Plaintiff had already paid. Plaintiff paid her gas bill via credit card in July 2014, and Defendant Gas Company removed the funds from her credit card in July 2014, so Defendant Gas Company had actual knowledge that the gas bill had been paid when Defendant Gas Company sent the gas bill to collections and tried to collect the same bill from Plaintiff, in September 2014.

64.    Defendant Gas Company and Plaintiff entered into a contract for services. Under the terms of the contract, Defendant Gas Company agreed to provide services to Plaintiff and Plaintiff agreed to pay for the services provided by Defendant Gas Company. Plaintiff paid for the services provided by Defendant Gas Company. In July 2015, Defendant Gas Company breached its contract for services with Plaintiff, by sending Plaintiff's account to collections and attempting to collect funds from Plaintiff after she had already paid the bill in full. Plaintiff suffered damages as a result of Defendant Gas Company's breach of contract in a measurable amount. Plaintiff was denied credit based on Defendant Gas Company's breaching its contract with Plaintiff by reporting to collection agencies and other third parties that Plaintiff owed funds that she did not owe. Plaintiff was charged more for credit as a result of Defendant Gas Company breaching its contract with Plaintiff, by sending Plaintiff's account to collections after it had been paid in full.

65.    As a direct and proximate result of Defendant Gas Company's violation, Plaintiff is entitled to actual damages, including, but not limited to, emotional distress, in an amount to be established by proof at trial.  Furthermore, Plaintiff is entitled to an award of costs and attorney's fees.

1

2

3

## FIFTH CAUSE OF ACTION
## DEFAMATION

4

### Against Defendant Gas Company

5

6       66.     Plaintiff incorporates by reference paragraphs 1 through 65 of the complaint

7     as if fully stated in this paragraph.

8       67.     Plaintiff was defamed by the Defendant Gas Company. Defendant Gas

9     Company made a false communication that tended to, and did, harm the reputation of

10    Plaintiff. Defendant Gas Company published a defamatory statement to a third person,

11    the defamatory statement identified Plaintiff to a third person, the defamatory statement

12    was published to a third person, and Plaintiff's reputation and credit rating suffered injury

13    as a result of the statement. Defendant Gas Company made the statement orally, in

14    writing, or by some other means of communication.  The publication of the defamatory

15    information was done in a manner such that in the ordinary course of events it would be

16    communicated to a third person.

17      68.     Defendant Gas Company made a false communication to third persons,

18    Defendants Experian, Equifax, and TransUnion, and others that Plaintiff owed money to

19
      Defendant Gas Company which Defendant Gas Company knew Plaintiff did not owe.
20
21    This false communication tended to, and did, harm the reputation and credit rating of

22    Plaintiff.

23
        69.     Defendant Gas Company made and published such false statements about
24
      Plaintiff with malice and without privilege.
25
        70.     Such false and published statements were defamatory.
26
        71.     Plaintiff has been damaged by defendants' defamatory statements.
27
        72.     Defendant Gas Company's conduct showed willful misconduct, malice, and
28

oppression. Plaintiff therefore prays for additional exemplary and punitive damages, in an amount to be determined at trial.

73.    Doe Defendants defamed Plaintiff.

## SIXTH CAUSE OF ACTION
## NEGLIGENCE

### Against Defendant Gas Company

74.    Plaintiff incorporates by reference paragraphs 1 through 73 of the complaint as if fully stated in this paragraph.

75.    Defendant Gas Company had a duty to Plaintiff to accurately record and credit payments made by Plaintiff to Defendant Gas Company for services provided by Defendant Gas Company to Plaintiff. Defendant Gas Company had a duty to Plaintiff not to send Plaintiff's paid account to collections. Defendant Gas Company had a duty not to attempt to collect funds that had already been paid and documented in Defendant Gas Company's records. Defendant Gas Company negligently reported to third parties that Plaintiff owed Defendant Gas Company funds that Plaintiff did not owe to Defendant Gas Company, which damaged Plaintiff.

76.    Defendant Gas Company breached its duty to Plaintiff to accurately record and credit payments made by Plaintiff to Defendant Gas Company for services provided by Defendant Gas Company to Plaintiff. Defendant Gas Company breached its duty to Plaintiff to refrain from sending Plaintiff's paid account to collections. Defendant Gas Company breached its duty to Plaintiff to refrain from attempting to collect funds that

had already been paid and documented in Defendant Gas Company's records. Defendant Gas Company breached its duty to Plaintiff by negligently reported to third parties that Plaintiff owed Defendant Gas Company funds that Plaintiff did not owe to Defendant Gas Company, which damaged Plaintiff.

77.     Defendant Gas Company breached this duty by failing to conform to the required standard of conduct. Defendant Gas Company's negligent conduct was the cause of harm to Plaintiff. Plaintiff was, in fact, harmed or damaged as a result of Defendant Gas Company's negligent conduct.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff prays for a judgment against Defendants for the following:

1)     Attorney's Fees as provided for by statutes;

2)     Compensatory Damages according to proof at trial;

3)     General Damages according to proof at trial;

4)     Costs of Suit;

5)     An order permanently removing false and derogatory credit entries from defendants' files concerning Defendant Gas Company;

6)     Punitive Damages;

7)     Such Other Relief As The Court May Order.

DATED:   March 17, 2015                    Respectfully Submitted,


                                           By: /s/Sallie A. Blackman
                                               Sallie A. Blackman, Esq.
                                               Attorney for Ann M. Slade, Plaintiff

-17-

Sallie A. Blackman Juris No. 306869
110 West C Street Suite 1300
San Diego, California 92101
Telephone:  (619) 334-6060
Facsimile:   (619) 334-7070

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## NEW HAVEN CONNECTICUT

| | |
|---|---|
| Ann M. Slade | ) Civ. No. |
| | ) |
| | ) **CERTIFICATE OF INTERESTED** |
| Plaintiff, | ) **PARTIES** |
| | ) |
| vs. | ) |
| | ) |
| Southern Connecticut Gas Company, | ) |
| Experian Information Solutions, Inc., | ) |
| Equifax Credit Information Services, Inc., | ) |
| TransUnion Corporation, | ) |
| and Does 1 through 10 | ) |
| | ) |
| Defendants. | ) |
| | ) |
| _____ | ) |

Plaintiff Ann M. Slade (hereinafter "Plaintiff") comes now and alleges, on information and belief, that the following parties are interested in this lawsuit:

1. Ann M. Slade
2. Southern Connecticut Gas Company
3. Experian Information Solutions, Inc.
4. Equifax Credit Information Services, Inc.
5. TransUnion Corporation

DATED:   March 23, 2015                    Respectfully Submitted,


By: /s/Sallie A. Blackman _Sallie A. Blackman_
    Sallie A. Blackman, Esq.
    Attorney for Ann M. Slade, Plaintiff

-2-